# IN THE COURT OF APPEALS OF IOWA

No. 14-1029
Filed December 24, 2014

**MENARD, INC., and ZURICH
NORTH AMERICA,**
    Petitioners-Appellants,

**vs.**

**RHONDA SCHEFFERT,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

An employer appeals the district court decision affirming the amount of an award of benefits to an employee on her claim for workers' compensation benefits. **AFFIRMED.**

Charles A. Blades of Scheldrup Blades, Cedar Rapids, for appellants.

Joseph S. Powell of Thomas J. Reilly Law Firm, P.C., Des Moines, for appellee.

Considered by Bower, P.J., McDonald, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

An employer appeals the district court decision affirming the amount of an award of benefits to an employee on her claim for workers' compensation benefits. We conclude the district court did not err in determining the commissioner's decision finding that the employee's bonuses were not irregular was not irrational, illogical, or wholly unjustifiable. We affirm the decision of the district court, which affirmed the decision of the workers' compensation commissioner.

## I.      Background Facts & Proceedings

Rhonda Scheffert was employed at Menard, Inc.,[1] as an assistant manager. She sustained a work-related injury on November 24, 2008, and filed a claim for workers' compensation benefits. The sole issue in this appeal is Scheffert's rate of compensation, which is based on her gross earnings. The employer disputes whether bonuses should be included in her gross earnings.

After a hearing, a deputy commissioner determined:

[Claimant] was hired by the defendant employer in 1996.
. . . .
Claimant, as an assistant manager, earned $12.80 per hour for weekday work. On weekend days, she earned $15.30 per hour. In addition to her hourly wage, claimant received bonuses. If the department was profitable, the 3 managers received a percentage of the profit. Every year the claimant worked for defendant employer, she received some amount of bonus. This was known as the TPS bonus. Additionally, claimant was eligible for an IPS bonus. If the store was profitable, claimant could receive up to 15 percent of her earnings as a bonus.

---

[1] We will refer to Menard, Inc. and its workers' compensation insurance carrier together as the employer.

Bonuses were paid out in the following year. For claimant, a bonus for 2008 would be paid in February 2009 if the claimant qualified.

The management bonus was, in part, based on department income against department payroll. Neither bonus was guaranteed. The management bonus could be revised downward based on fines.

. . . .

However, claimant did receive both a profit sharing and management bonus in 2008. While the bonuses could be altered or canceled at any time, they were not in 2008. Defendants assert in their brief the claimant was not eligible for bonuses at the time of her injury and were only anticipatory, but payment records and instant profit sharing reports indicate claimant was paid profit sharing in 2009 for a 2008 year in the amount of $4,224.71 and management bonus of $1,133.32 in 2008.

Therefore, the evidence supports an adoption of the claimant's rate calculation of $388.88 per week.

(Parentheticals omitted.)

The workers' compensation commissioner affirmed and adopted the deputy's decision as the final decision of the agency. On judicial review, the district court affirmed, finding the commissioner's decision that the two bonuses received by Scheffert were regular was not irrational, illogical, or wholly unjustified. The court determined there was substantial evidence in the record to support the commissioner's findings. The employer now appeals the decision of the district court.

## II. Standard of Review

The commission has the authority to find facts in order to determine an injured employee's gross earnings, and thus "is also vested with the authority to apply the law to those facts." *Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 265 (Iowa 2012). "When an agency has been clearly vested with the authority to apply law to fact, we will only disturb the agency's application if it is irrational,

illogical, or wholly unjustifiable." *Id.* An agency's decision is "irrational" if it is "not governed by or according to reason." *Sherwin-Williams Co. v. Iowa Dep't of Revenue*, 789 N.W.2d 417, 432 (Iowa 2010). If the decision is "contrary to or devoid of logic," it is "illogical." *Id.* A decision is considered to be "unjustifiable" "when it has no foundation in fact or reason." *Id.*

### III.    Merits

The employer claims the district court erred by affirming the commissioner's conclusion that Scheffert's rate calculation included the Instant Profit Sharing (IPS) and management bonuses because those bonuses were irregular. An employee's basis of computation for workers' compensation benefits is based upon the employee's weekly earnings, which means the "gross salary, wages, or earnings of an employee to which such employee would have been entitled had the employee worked the customary hours for the full pay period in which the employee was injured." Iowa Code § 85.36 (2011). The term "gross earnings" excludes irregular bonuses. *Id.* § 85.61(3); *Mycogen Seeds v. Sands*, 686 N.W.2d 457, 470 (Iowa 2004).

"The question before the district court was whether the commissioner's decision that [the employee's] bonus was 'regular' was irrational, illogical, or wholly unjustified." *Burton*, 813 N.W.2d at 266. We look at "those facts that were and were not considered by the agency in applying law to fact and then [ ] determine whether, on the whole, the agency's application of law to fact was irrational, illogical, or wholly unjustified." *Id.* If the commissioner's decision "has

a factual foundation, was governed by reason, and was not devoid of logic," it should be affirmed. *Id.*

We conclude the district court did not err in determining the commissioner's decision finding that Scheffert's bonuses were not irregular was not irrational, illogical, or wholly unjustifiable. As the commissioner noted, "Every year that claimant worked for defendant employer, she received some amount of bonus." Despite the employer's claim Scheffert was not eligible for bonuses at the time of her injury on November 24, 2008, the evidence showed she had been paid a bonus in 2009 for her work in 2008. We conclude there are logical reasons to support the commissioner's application of the law to the facts.

We affirm the decision of the district court, which affirmed the decision of the workers' compensation commissioner.

**AFFIRMED**.